FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 8, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFREDO JOAQUIN SOTO, a/k/a
Joaquin Alfredo Soto,

    Defendant - Appellant.

No. 25-6072
(D.C. No. 5:24-CR-00192-PRW-2)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

_____

Pursuant to a plea agreement, Alfredo Joaquin Soto pleaded guilty to possession with the intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 210 months in prison and four years of supervised release. He then filed this appeal. His plea agreement contains an appeal waiver that the government now moves to enforce. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Soto, through counsel, has acknowledged that the appeal waiver is enforceable and therefore does not oppose the government's motion. Our independent review confirms the enforceability of the appeal waiver. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam